UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

JESSIE MENDOZA,

                    Defendant.

2:16-cr-00324-LRH-GWF

ORDER

Before the court is defendant Jessie Mendoza's motion to dismiss count three of his indictment. ECF No. 52. The United States filed a response (ECF No. 54), to which Mendoza replied (ECF No. 62). The court finds that Mendoza has not demonstrated that there is a realistic probability that a defendant can commit Hobbs Act robbery through the use of nominal (i.e., *de minimis*) force or through reckless, unintentional conduct. He has therefore failed to establish that this crime is not categorically a crime of violence under 18 U.S.C. § 924(c), and the court will deny his motion.

**I.    Background**

Mendoza is charged by indictment with one count of interference with commerce by robbery under the Hobbs Act ("Hobbs Act robbery"), 18 U.S.C. § 1951, (count 2) and a related conspiracy count (count 1). ECF No. 9. He is also charged with brandishing a firearm in furtherance of a "crime of violence" under 18 U.S.C. § 924(c)(1)(A) (count 3). *Id*. This final count alleges that the Hobbs Act robbery charged in count 2 satisfies section 924(c)'s crime-of-violence element. *Id*. at 2–3. Mendoza now moves to dismiss count 3.

## II. Legal standard

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may file a pre-trial motion seeking to dismiss a count of the indictment for "failure to state an offense . . . ." "When ruling on a pretrial motion to dismiss an indictment, the district court is bound by the four corners of the indictment and must accept the allegations in the indictment as true." *United States v. Smith*, 215 F. Supp. 3d 1026, 2016 WL 2901661, at *2 (D. Nev. 2016) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)). "'A motion to dismiss [an] indictment cannot be used as a device for a summary trial of the evidence,' and the court 'should not consider evidence not appearing on the face of the indictment.'" *Id*. (alteration in original) (quoting *Jensen*, 93 F.3d at 669).

## III. Discussion

Under 18 U.S.C. § 924(c)(1)(A), it is a felony to use or carry a firearm "during and in relation to any crime of violence . . . ." This statute therefore creates an offense separately punishable from the other concurrently-charged offense that the indictment alleges is a crime of violence. Section 924(c) defines "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause in this definition is commonly referred to as either the "force clause" or "elements clause," while the second clause is known as the "residual clause." Because the definition is worded disjunctively, a felony need only categorically match[1] one of the two clauses in order to constitute a crime of violence and thus satisfy that element under section 924(c)(1)(A).

Here, the United States has alleged in the indictment that the concurrently-charged count of Hobbs Act robbery (count 2) is a crime of violence. ECF No. 9 at 2–3. The Hobbs Act

---

[1] As discussed below, courts apply the "categorical approach" in determining whether the *elements* of an offense—rather than the actual facts underlying its commission—satisfy the crime-of-violence definition.

2

"prohibits any robbery or extortion or attempt or conspiracy to rob or extort that 'in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce.'" *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004) (quoting 18 U.S.C. § 1951(a)).

Mendoza has moved to dismiss count three of his indictment, the section 924(c) charge, arguing that Hobbs Act robbery is not a crime of violence. He first contends that the court may not apply the residual clause because it is void for vagueness in light of the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*") and the Ninth Circuit's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016). Mendoza further argues that Hobbs Act robbery is not a categorical match for the force clause.

As discussed below, the court finds that Hobbs Act robbery is categorically a crime of violence under the force clause. In turn, the court need not decide whether the residual clause is unconstitutionally vague. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

### A. The categorical approach applies to this analysis

As an initial matter, Mendoza contends—and the United States does not dispute—that courts apply the categorical approach in determining whether an offense concurrently charged with a violation of section 924(c) is a crime of violence. This court agrees. Traditionally, the categorical approach is an analytical framework that *sentencing* courts must apply in determining whether a defendant's *prior* state or federal offenses mandate a sentence enhancement by satisfying either the violent-felony definition under the Armed Career Criminal Act ("ACCA") or the crime-of-violence definition under the U.S. Sentencing Guidelines ("U.S.S.G.").[2] *See Taylor v. United States*, 495 U.S. 575 (1990) (the ACCA); *United States v. Becerril-Lopez*, 541

---

[2] The categorical approach is also widely applied in civil immigration proceedings—specifically in the context of the grounds for removing a non-citizen from the United States. *See, e.g.*, *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016).

3

F.3d 881 (9th Cir. 2008) (the U.S.S.G.). However, "the Ninth Circuit has consistently held that the categorical analyses apply to § 924(c) crime-of-violence determinations both at trial and at sentencing 'without regard to whether the given offense is a prior offense or the offense of conviction [i.e., a concurrently-charged offense].'" *Smith*, 2016 WL 2901661, at *4 (quoting *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006)).

Under the categorical approach, a court may only "compare the *elements* of the statute forming the basis of the defendant's [prior] conviction [or concurrently-charged offense] with the elements of" a crime of violence. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (emphasis added); *see also United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016). Therefore, a court may not examine "[h]ow a given defendant actually perpetrated the crime—what [the Supreme Court has] referred to as the 'underlying brute facts or means' of commission . . . ." *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (citation omitted). "The defendant's crime cannot categorically be a 'crime of violence' if the statute . . . punishes any conduct not encompassed by the statutory definition of a 'crime of violence.'" *Benally*, 843 F.3d at 352. Such statutes are often referred to as "overbroad." *See, e.g.*, *United States v. Castillo–Marin*, 684 F.3d 914, 919 (9th Cir. 2012).

If the statute is overbroad, a court may then determine whether the concurrently-charged offense that the statute defines "can be divided into violations that constitute" a crime of violence and "others that do not." *United States v. Dixon*, 805 F.3d 1193, 1196 (9th Cir. 2015). Such statutes are referred to as "divisible," meaning that they "list elements in the alternative, and thereby define multiple crimes." *Mathis*, 136 S. Ct. at 2249. However, a statute that is worded disjunctively is not necessarily divisible. *Id.*; *see also Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014). "If the statute is indivisible, [the] inquiry ends, because a conviction under an indivisible, overbroad statute can never" categorically be a crime of violence. *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867 (9th Cir. 2015).

"Only when a statute is overbroad and divisible" may courts apply the "modified categorical approach. At this step, [courts] may examine certain documents . . . to determine what elements of the divisible statute [the defendant] was convicted of violating." *Id.*

4

Importantly, for a court to find that a statute is overbroad "requires more than the application of legal imagination to a . . . statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). This finding "requires a realistic probability, not a theoretical possibility," that a statute would apply to conduct *not* encompassed by the crime-of-violence definition. *Id*. "To show that realistic probability, an offender . . . may show that statute was so applied in his own case. But he must at least point to his own case or other cases in which . . . courts in fact did apply the [offense] in the special . . . manner for which he argues." *Id*. However, if a statute "explicitly defines" the concurrently-charged offense more broadly than the crime-of-violence definition, then "no 'legal imagination,' is required to hold that a realistic probability exists that" the offense is overbroad. *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1009 (9th Cir. 2015).

**1.     The Hobbs Act is divisible but Hobbs Act *robbery* is indivisible**

Here, the court must categorically compare section 924(c)'s force clause[3] to the Hobbs Act, Mendoza's concurrently-charged offense. Taken as a whole, the Hobbs Act establishes six different offenses: actual, attempted, and conspiracy to interfere with commerce by *robbery* (three separate offenses), as well as actual, attempted, and conspiracy to interfere with commerce by *extortion* (an additional three offenses). *Smith*, 2016 WL 2901661, at *4. In his motion, however, Mendoza only compares the force clause to robbery under the Hobbs Act. He therefore implicitly acknowledges that the Hobbs Act is a divisible statute that defines multiple crimes. And because Mendoza's indictment[4] specifically charges him with interference with commerce by robbery (ECF No. 9 at 2), the court will compare this specific offense's elements with the force clause.

///

///

---

[3] As discussed above, the court will only address the force clause because it is a categorical match for Hobbs Act robbery and Mendoza has raised a constitutional challenge to the residual clause, which the court need not address.

[4] A defendant's indictment is one of the items from the "limited class of documents" that a court may review "to determine which [alternate element] formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281.

The Hobbs Act defines robbery as follows:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of **actual or threatened force, or violence, or fear of injury**, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added). Neither Mendoza nor the United States contends that this definition is divisible, and the court finds that Hobbs Act *robbery*—in contrast to the statute as a whole—is an indivisible crime. *See Smith*, 2016 WL 2901661, at *4 ("Section 1951(b), which further defines 'robbery' for purposes of § 1951(a) is also disjunctive, but it does not contain alternative elements on which a jury must agree."). Therefore, the court may not apply the modified categorical approach to this specific offense and must only determine whether Hobbs Act robbery extends to conduct not encompassed by the force clause.

### 2. The force clause requires that a defendant *intentionally* use *violent* force

In order to constitute a crime of violence under section 924(c)'s force clause, the statute establishing the defendant's concurrently-charged offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 924(c)(3)(A). "This element test contains two additional requirements. First, the 'physical force' used must be '*violent* force,' or 'force capable of causing physical pain or injury to another person.'"[5] *Dixon*, 805 F.3d at 1197 (emphasis in original) (quoting *Johnson v. United*

---

[5] As discussed below, this violent-force requirement stems from the ACCA. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"). Since *Johnson 2010*, "[t]he Ninth Circuit has . . . extended this definition of 'physical force' to other generic offense provisions, including 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2, both of which define 'crime of violence' using language that is identical or essentially identical to that used in the ACCA force clause and the section 924(c)(3) force clause." *United States v. Bell*, 158 F. Supp. 3d 906, 912 (N.D. Cal. 2016). While the Ninth Circuit has yet to consider whether the ACCA's violent-force requirement under its force clause extends to section 924(c)'s force clause, this court cannot conceive of a reason to distinguish between the nearly-identical definitions. *See id.* (reaching the same conclusion). And because the United States does not contend otherwise, the court will apply the violent-force requirement to section 924(c).

6

*States*, 559 U.S. 133, 140 (2010)). "Second, the use of force must be intentional, not just reckless or negligent." *Id*. (citing *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010)).

Mendoza argues that Hobbs Act robbery is overbroad because the statute encompasses more conduct than these two elements define. He first contends that a defendant can be convicted of the offense by using nominal force and thus less than "violent force." Mendoza also argues that the statute may be violated through reckless and thus unintentional conduct.

**B.     Non-binding Ninth Circuit case law guides this court's conclusion**

Before addressing Mendoza's arguments, it is important to note that the Ninth Circuit has, in a recent unpublished decision, held that Hobbs Act robbery is a crime of violence. *United States v. Howard*, 650 Fed. App'x. 466 (9th Cir. 2016). As in this case, the defendant in *Howard* argued that Hobbs Act robbery is not a categorical match for section 924(c)'s force clause because the crime "may also be accomplished by putting someone in 'fear of injury' . . . ." *Id*. at 468 (quoting 18 U.S.C. § 1951(b)). The Ninth Circuit held that this argument was "unpersuasive and . . . foreclosed by" the court's previous published decision in *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990).

There, the court "held that the analogous federal bank robbery statute, which may be violated by 'force and violence, or by *intimidation*' qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of 'crime of violence' as § 924(c)." *Id*. (emphasis in original) (internal citation omitted) (citing *Selfa*, 918 F.2d at 751). The court explained "that 'intimidation' means willfully 'to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*,' which satisfies the requirement of a 'threatened use of physical force' under § 4B1.2." *Id*. (emphasis in original) (quoting *Selfa*, 918 F.2d at 751). The Ninth Circuit thus concluded that, "[b]ecause bank robbery by 'intimidation'—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence." *Id.*

Similarly, the Ninth Circuit has also stated in *dicta* that Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under section 924(c). *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993); *see also Smith*, 2016 WL 2901661, at *3 ("In dicta, the

[*Mendez*] court also noted that robbery 'indisputably' qualifies as a crime of violence under the force clause.").

While *Howard* is not binding precedent, numerous courts throughout this district have found its reasoning persuasive and held that Hobbs Act robbery is a crime of violence. *See, e.g.*, *United States v. Hayes*, No. 3:13-CR-00007-RCJ-WGC, 2017 WL 58578, at *2 (D. Nev. Jan. 5, 2017); *United States v. Loper*, No. 2:14-CR-321-GMN-NJK, 2016 WL 4528959, at *2 (D. Nev. Aug. 29, 2016); *United States v. Barrows*, No. 2:13-CR-00185-MMD-VCF, 2016 WL 4010023, at *3 (D. Nev. July 25, 2016).

Nonetheless, Mendoza argues that *Selfa*, and therefore *Howard*, is "no longer good law . . . ." ECF No. 52 at 20. He contends that the Ninth Circuit decided *Selfa* prior to holding that a statute must require the intentional use of force in order to be a crime of violence. As discussed below, the court does not agree with this argument's premise: that a defendant may commit Hobbs Act robbery recklessly and thus unintentionally. *See infra* § III.D. But because *Howard* is an unpublished decision and did not address all of the arguments that Mendoza raises, the court will proceed with its analysis.

### C. Hobbs Act robbery requires violent force

Mendoza's arguments regarding the degree of force necessary to commit Hobbs Act robbery stem from the U.S. Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson 2010*"). There, the Court distinguished between the degree of physical force required to satisfy the ACCA's force clause and a state battery statute that could be violated through a defendant's "merest touching" (i.e., "any intentional physical contact, no matter how slight."). *Johnson 2010*, 559 U.S. at 138; s*ee also United States v. Avery*, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667, at *9–10 (D. Nev. Jan. 3, 2017) (discussing the Supreme Court's analysis in *Johnson 2010*).

The Court concluded that the term "physical force" under the ACCA's force clause "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson 2010*, 559 U.S. at 140 (emphasis in original). In turn, "while physical force 'might consist . . . of only that degree of force necessary to inflict pain—a slap in the face, for

8

example'—it did not consist of the 'nominal contact' allowed for under" the state statute at issue. *Avery*, 2017 WL 29667, at *10 (quoting *Johnson 2010*, 559 U.S. at 143).

Since *Johnson 2010*, numerous federal circuit and district courts have held that several state robbery statutes are overbroad in comparison to the force clause under the ACCA or the Guidelines because the statutes encompassed the use of even nominal force. *Id.* (discussing cases). Many of these cases relied on state-court decisions demonstrating that a defendant had been convicted of robbery after having "snatched" a purse or other item out of the victim's hands with force so nominal that the victim hardly perceived it. *See, e.g.*, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016); *United States v. Dunlap*, 162 F. Supp. 3d 1106 (D. Or. 2016). In line with this authority, this court held in *United States v. Avery* that a defendant could commit Nevada robbery through the use of nominal force, thus rendering the statute overbroad in comparison to the ACCA's force clause. 2017 WL 29667, at *10–11. The court found that the statute's explicit text and related case law demonstrated that there was a realistic probability that Nevada robbery applied to conduct not encompassed by the violent-felony definition: non-violent, nominal force.

Here, Mendoza similarly argues that a defendant can commit Hobbs Act robbery by using nominal force during the crime's commission. He first contends that the statute's history and text demonstrate this point. Mendoza also separately argues that, because Hobbs Act robbery may be committed by instilling "fear of injury" in the victim, the statute does not require the use of violent force. The court will address each argument in turn.

**1. Mendoza has *not* established a realistic probability that a defendant can commit Hobbs Act robbery by using nominal force**

Mendoza argues that the Hobbs Act's common-law origins demonstrate that a defendant can violate this federal statute through the use of nominal force. This argument is premised in part on the well-established fact that Congress modeled the Hobbs Act after the New York robbery statute in force at the time. *Sekhar v. United States*, 133 S. Ct. 2720, 2725 (2013). Like the Hobbs Act, the New York statute defined robbery as "the unlawful taking of personal property, from the person or in the presence of another, against his will, by means of force, or

9

violence, or fear of injury, immediate or future, to his person or property . . . ." *United States v. Nedley*, 255 F.2d 350, 355 (3d Cir. 1958) (quoting N.Y. Penal Law § 2121 (1946)). The state statute further specified that "force or fear must be employed to obtain or retain possession of the property or to prevent or overcome resistance to its taking . . . ." *U.S. ex rel. Valenti v. Karmuth*, 1 F. Supp. 370, 374 (N.D.N.Y. 1932) (quoting N.Y. Penal Law § 2121). However, "the degree of force employed [was] immaterial." *Id.* (quoting N.Y. Penal Law § 2122).

Despite the fact that Congress did not adopt this final section regarding the immateriality of the degree of force used, Mendoza argues that the Hobbs Act similarly extends to a defendant committing robbery through the use of even nominal force. ECF No. 52 at 13. This argument is premised on Mendoza's broader contention that, like the New York statute, the degree of force a defendant used to commit *common-law* robbery was immaterial. He cites to modern secondary sources collecting state-law cases and ostensibly concluding that a defendant could commit common-law robbery through the use of nominal force. *Id.* at 11–12. One such source concludes that the force required to commit a robbery must be "actually sufficient to overcome the victim's resistance" and that "the particular degree of violence employed [to overcome the resistance] is immaterial as an element of the crime . . . ." 77 C.J.S. Robbery § 23 (2017) (citing state cases).

The court is not persuaded by these arguments for several reasons. As an initial matter, the court is not convinced by Mendoza's premise regarding common-law robbery. Even on its face, the above-quoted statement of law does not support the conclusion that a defendant may commit common-law robbery through any degree of force, including nominal force. Mendoza ignores the statement's key element: that the force employed must overcome the victim's resistance. This element narrows the range of conduct that common-law robbery purportedly encompasses, preventing it from applying to, for example, the above-mentioned purse-snatching cases that resulted in courts finding state robbery statutes overbroad.[6] Similarly, this statement of

---

[6] The court is not implying that such cases represent the only way that a defendant's use of nominal, non-violent force can satisfy a robbery statute that specifies that the degree of force used is immaterial. However, they are useful points of comparison.

law explicitly references "violence," which makes "the connotation of strong physical force . . . even clearer . . . ."[7] *See Johnson 2010*, 559 U.S. at 140.

In rejecting Mendoza's premise, the court is also persuaded by the thorough analysis conducted by a court outside this district in *United States v. Pena*, 161 F. Supp. 3d 268 (S.D.N.Y. 2016). Addressing the same secondary sources cited by Mendoza, the *Pena* court concluded that, under "this line of common law robbery cases[,] . . . a snatching becomes robbery when the item taken is so attached to the person or his clothes as to require some force to effect its removal." *Pena*, 161 F. Supp. 3d at 277 (internal quotation marks and citation omitted). However, "[s]uch fact patterns generally involve actual injury to person or property—a necklace snapped, a watch chain broken off, an earring ripped out of an ear." *Id*. The *Pena* court therefore concluded—and this court agrees—that even these cases would constitute "violent force" as defined in *Johnson 2010*.

Moreover, the *Pena* court rejected the defendant's assertion that nominal force was sufficient at common law to commit robbery. Citing to prominent common-law commentators such as Edward Coke and William Blackstone, the court concluded that "the force element of robbery has traditionally been identified with strong or violent force." *Id*. at 276.

And even if Mendoza could establish that common-law robbery did encompass nominal force, this premise would not support his more pertinent assertion that Hobbs Act robbery adopted this principle. Even though Congress chose to adopt the New York statute's definition of robbery, it did not adopt the section regarding the immateriality of force used to commit the robbery. This fact severely cuts against Mendoza's argument, as a statute's explicit text is often critical to finding a statute overbroad. *See Chavez-Solis*, 803 F.3d at 1009 (stating that if a statute "explicitly defines" the concurrently-charged offense more broadly than the crime-of-violence definition, then "no 'legal imagination,' is required to hold that a realistic probability exists that"

---

[7] Mendoza has not addressed any of the cases that this secondary source cites in support of its conclusion regarding common-law robbery. He has therefore failed to show that the statement of law is as broad as he purports it to be.

11

the offense is overbroad); *see, e.g.*, *Avery*, 2017 WL 29667, at *10 (discussing the plain language of Nevada's robbery statute).

In the absence of explicit statutory text that expands robbery to any degree of force used, defendants must at least identify a binding judicial decision that interprets the statute in this manner. *See, e.g.*, *Parnell*, 818 F.3d at 978 (relying on the Massachusetts Supreme Judicial Court's interpretation of the state's robbery statute). It is therefore telling in this case that Mendoza is unable to cite a single instance from the over 70 years since the Hobbs Act's enactment in which a defendant was convicted under the statute after having used or threatened to use nominal force.

Instead, Mendoza provides a string citation of cases involving other federal robbery statutes in which nominal force was purportedly sufficient. ECF No. 52 at 16. The court is unconvinced by this argument, as Mendoza has failed to compare the text of these statutes to the Hobbs Act. Moreover, the *Pena* court addressed the specific cases and statutes Mendoza cites and concluded that these statutes are materially different from the Hobbs Act. *Pena*, 161 F. Supp. 3d at 278. This court agrees with that analysis.

Finally, Mendoza argues that the Hobbs Act's text supports his nominal-force argument. He contends that, because a defendant can commit Hobbs Act robbery through "force, or violence," interpreting the word "force" as violent force would render the word "violence" superfluous. ECF No. 52 at 15; *see United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 643 (9th Cir. 2012) (internal quotation marks omitted) ("It is a cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant.").

This argument is without merit. If the word "force" does, as Mendoza contends, encompass nominal force, it certainly would not exclusively describe nominal force and would also encompass violent force. Therefore, Mendoza's interpretation of these words as describing separate, distinct concepts would render them superfluous. *See Pena*, 161 F. Supp. 3d at 276. Instead, "the most natural way to read the means of committing Hobbs Act robbery is not as a list of alternate elements with separate meanings . . . , but as a series of overlapping words meant to capture a range of conduct." *Id*. (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*,

467 U.S. 837, 861 (1984) ("[T]he meaning of a word must be ascertained in the context of achieving particular objectives, and the words associated with it may indicate that the true meaning of the series is to convey a common idea.")).

The court therefore finds that Mendoza has failed to establish that there is a realistic probability that a defendant can commit Hobbs Act robbery by using nominal force.

### 2. Placing a victim in "fear of injury" comports with the force clause

Mendoza also argues that, because a defendant can commit Hobbs Act robbery by instilling "fear of injury," the statute does not require the use of violent force. However, fear of injury was the precise issue that the Ninth Circuit addressed in *Howard*, ultimately concluding that Hobbs Act robbery is a crime of violence. *Howard*, 650 Fed. App'x. at 468. Mendoza has failed to demonstrate that *Johnson 2010* effectively overruled *Selfa*, the basis of the *Howard* court's conclusion." *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) ("[W]here the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority . . . [the court] should reject the prior circuit opinion as having been effectively overruled."); *see also United States v. Wesley*, No. 3:16-CR-00024-LRH-VPC, 2017 WL 1050587 (D. Nev. Mar. 20, 2017) (rejecting the argument that *Selfa* is no longer good law after *Johnson 2010*).

Moreover, the court finds that instilling "fear of injury" requires the actual "use, attempted use, or threatened use of physical force" and thus comports with the force clause. "The phrase 'fear of injury' must be read in context with the rest of the words of the Hobbs Act. The requirement that the taking be from the person or in his presence further supports [the] conclusion that a fear of injury means a fear of physical injury, which requires the threatened use of physical force." *Smith*, 2016 WL 2901661, at *4. "Any other interpretation would read the physical-proximity requirement out of" Hobbs Act robbery, thus rendering these words superfluous. *Id.*; *see also Pena*, 161 F. Supp. 3d at 278–81.

### D. Hobbs Act robbery requires that a defendant act intentionally

Mendoza also argues that Hobbs Act robbery violates the second force-clause requirement: that the use of force be intentional. *See supra* § III.A.2. He asserts that a defendant

13

may commit Hobbs Act robbery recklessly and thus unintentionally. ECF No. 52 at 18. He contends that, although the Hobbs Act does not specify the required *mens rea*, the similar federal-bank-robbery statute, 18 U.S.C. § 2113, demonstrates that one can recklessly "intimidate" the victim.[8] This argument relies on the Ninth Circuit's decision in *United States v. Foppe*, 993 F.3d 1444 (9th Cir. 1993), where the court held that, under the federal-bank-robbery statute, it is "irrelevant" whether the defendant "specifically intended to intimidate" the victim.

This court recently rejected this precise argument in *United States v. Wesley*, where the defendant contended that federal bank robbery was not a crime of violence in light of *Foppe*. 2017 WL 1050587. However, the *Foppe* court merely held that federal bank robbery "is a general intent crime, not a specific intent crime[,]" in response to the defendant's argument that he never intended to intimidate the bank teller that he approached. *Foppe*, 993 F.3d at 1451. And because intimidation requires "willful" conduct that results in placing "an ordinary, reasonable person in fear of bodily harm," *Selfa*, 918 F.2d at 751, federal bank robbery comports with the force clause. Under Ninth Circuit precedent, the same conclusion would apply to instilling fear of injury under the Hobbs Act.

The court is also once again persuaded by the *Pena* court's thorough analysis of an identical argument. There, the court relied on a Supreme Court case that specified that federal bank robbery "is a general intent crime whose *mens rea* requirement is satisfied only if the 'defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation).'" *Pena*, 161 F. Supp. 3d at 283 (quoting *Carter v. United States*, 530 U.S. 255, 268 (2000)). "In other words, a defendant charged with bank robbery . . . must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another." *Id*. Similarly, "if a defendant robs a bank with violence, the prosecution need not prove a specific intent to cause pain or to induce compliance." *Id*. Thus, "if a defendant robs a bank with intimidation, the prosecution need not

---

[8] As discussed above, the Ninth Circuit has equated "intimidation" under federal bank robbery with instilling "fear of injury" under the Hobbs Act. *United States v. Howard*, 650 Fed. App'x. 466, 468 (9th Cir. 2016).

prove a specific intent to cause fear[,]" which "does not mean that the bank robbery was accomplished through 'negligent or merely accidental conduct.'" *Id*. (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)).

The court therefore finds that Hobbs Act robbery requires a defendant to intentionally use, attempt to use, or threaten to use force. And because the court has also determined that this force must be violent, Hobbs Act robbery is a categorical match for section 924(c)'s force clause. The court will therefore deny Mendoza's motion.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that defendant Jessie Mendoza's motion to dismiss count three of his indictment (ECF No. 52) is **DENIED**.

IT IS SO ORDERED.

DATED this 18th day of May, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE